DECISION AND JUDGMENT ENTRY
This is an appeal from a delinquency adjudication by the Huron County Court of Common Pleas, Juvenile Division. Because we conclude that the adjudication was properly supported by the evidence and appellant was not denied effective assistance of counsel, we affirm.
On January 19, 2001, appellant, sixteen year old Eric B., was already on probation for one break-in and under electronically monitored house arrest while awaiting disposition of a second burglary charge. That afternoon, appellant drove home from school with two other juveniles, Joe M. and Brandon R. During this ride, the three discussed an acquaintance who had revealed to Joe and appellant the location of a lock box in which the acquaintance kept money. The boys discussed going into the acquaintance's house and taking the money box. No concrete plans were made at that time. After appellant had been dropped off at his home, the boys, during a telephone call, solidified plans for the theft.
Brandon and Joe went to the acquaintance's house, took the money box and brought it to appellant's home. There, the three opened the box and divided the $280 found inside.
Later, Brandon's parents found the empty money box in the trunk of Brandon's car and notified police. The investigation led police to Joe M., who confessed to his involvement and agreed to cooperate. Joe M. then participated in a "controlled" telephone call to appellant, during which appellant revealed knowledge of the whereabouts of the money box and vowed vengeance against Brandon R. for turning him in. A police officer who listened to the "controlled" call testified during the adjudication hearing that appellant said he was going to kill Brandon R.
Appellant was charged in a delinquency complaint with complicity to commit burglary. The matter proceeded to an adjudicative hearing, where appellant was adjudicated delinquent. Following a dispositional hearing, the court committed appellant to the custody of the Ohio Department of Youth Services for a period of at least one year, but not beyond the age of twenty-one.
From this delinquency adjudication and disposition, appellant now brings this appeal, setting forth the following four assignments of error:
"ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT VIOLATED ERIC BAKER'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND JUV.R.(29)(E)(4) WHEN IT ADJUDICATED HIM DELINQUENT OF COMPLICITY TO COMMIT BURGLARY ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HIM BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE.
"ASSIGNMENT OF ERROR NO. II
 THE TRIAL COURT VIOLATED ERIC BAKER'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION WHEN IT ADJUDICATED HIM DELINQUENT OF COMPLICITY TO COMMIT BURGLARY, WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"ASSIGNMENT OF ERROR NO. III
 ERIC BAKER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO OBJECT TO INADMISSIBLE EVIDENCE.
"ASSIGNMENT OF ERROR NO. IV
 THE TRIAL COURT VIOLATED ERIC BAKER'S RIGHT TO NOTICE AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION WHEN IT DID NOT FOLLOW THE PROPER PROCEDURES FOR PROBATION REVOCATION."
 I.
In his first two assignments of error, appellant challenges the sufficiency of the evidence against him and argues that his delinquency adjudication was against the manifest weight of evidence.
Although juvenile proceedings, including delinquency adjudications, are civil actions, In Re Anderson (2001), 92 Ohio St.3d 63, syllabus, due process requires that alleged delinquents be afforded certain protections given to criminal defendants. Id at 66. Among these rights is the requirement that the case against the juvenile be proven beyond a reasonable doubt. Id., citing In Re Winship (1970), 397 U.S. 358,365-366. In that respect, we review a juvenile delinquency adjudication for weight and sufficiency of evidence by the same standard employed for a criminal conviction.
A criminal verdict, finding or delinquency adjudication may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; Statev. Barns (1986), 25 Ohio St.3d 203.
Appellant was adjudicated delinquent for acts which, if committed by an adult, would have constituted complicity to commit burglary in violation of R.C. 2911.12(A)(2).
R.C. 2911.12(A)(2) provides that;
"(A) No person, by force stealth, or deception shall * * *
 "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any
 person when any person other that an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"
Complicity is proven when it is shown that a, "* * * person acting with the kind of culpability required for the commission of an offense * * * aid[s] or abet[s] another in committing the offense." R.C. 2923.03(A)(2). To "aid" is to assist. To "abet" is to incite or encourage. State v.Sims (1983) 10 Ohio App.3d 56, 58.
At trial, Joe M. testified that appellant participated in the planning of the burglary as the boys drove home from school. Appellant then, according to Joe M., shared in its proceeds following the crime. Appellant's participation in the planning of the crime constitutes direct evidence that appellant aided this scheme. Moreover, if the testimony that appellant shared in the proceeds of the crime is believed, it also serves as circumstantial evidence that appellant abetted the crime.
Consequently, there was evidence which, if believed, would establish all the elements necessary to prove complicity to commit burglary. Accordingly appellant's first assignment of error is not well-taken.
With respect to the weight of the evidence, we find no indication that the trier fact lost its way or that appellant's adjudication constitutes a miscarriage of justice. Accordingly, appellant's second assignment of error is not well-taken.
 II.
In his third assignment of error, appellant contends he was denied effective assistance of counsel.
 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord, State v. Smith (1985), 17 Ohio St.3d 98, 100."
Appellant complains that his trial counsel's performance was deficient because counsel failed to object to certain testimony offered by Joseph M. at trial. Appellant insists that Joseph M. was an admitted co-conspirator of appellant and, as such, Evid.R. 801(D)(2)(e) would have mandated the exclusion of some of his testimony:[1] specifically, Joseph M.'s testimony that appellant knew the location of the lock box and that he had threatened harm to Brandon R. for turning him in.
Additionally, appellant suggests that trial counsel should have objected to testimony concerning the "controlled" telephone call between Joseph M. and appellant without introduction of the actual tape of the conversation.
With respect to appellant's initial concern over Joseph M.'s testimony, we note that the independent corroboration requirement, whether its source is Evid.R. 801(D)(2)(e) or the former R.C. 2923.03(D), see footnote one, applies only to a defendant's statements, not direct observation by a witness who was a participant in criminal acts. Statev. Mauro (July 14, 1987), Montgomery App. No. 9499, unreported.
In this matter, appellant was adjudicated delinquent as an accomplice to burglary. The testimony most damaging to appellant was Joseph M.'s testimony concerning his direct observation of appellant's participation in planning the burglary and in sharing in its proceeds. Since this testimony was admissible, the statements were not unfairly prejudicial to appellant's cause, even had an objection been warranted.
Appellant's remaining argument under this assignment concerns trial counsel's failure to request the inclusion of the tape of the "controlled" telephone call into evidence. While it is true that such evidence could have properly been requested under the "best evidence rule," see Evid.R. 1002, appellant fails to suggest in what manner introduction of the complete tape would have been advantageous to him. Absent some benefit to be derived from such inclusion, we fail to see how its evidentiary absence would be prejudicial. See State v. Keenan
(1998), 81 Ohio St.3d 133, 152. Consequently, appellant has failed to establish a claim of ineffective assistance of counsel. Accordingly, appellant's third assignment of error is not well-taken.
 III.
Appellant, in his remaining assignment of error, complains of procedural irregularities in his probation violation proceedings. However, as appellee properly points out, appellant's probation was revoked as part of a prior case which appellant did not appeal. Consequently, any complaint about those proceedings is not properly before the court. Accordingly, appellant's fourth assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Huron Court of Common Pleas, Juvenile Division is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
In the matter of: Eric B. Alleged Delinquent Child C.A. No. H-01-019
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,P.J., JUDGES CONCUR.
[1] Appellant devotes a substantial portion of his argument to the proposition that this testimony should also have been disallowed because the state failed to meet the foundational requirements of State v.Thomas (1980), 61 Ohio St.2d 223 and State v. Milo (1982),6 Ohio App.3d 19. However, both these cases were based on former R.C.2923.03(D) which was amended in 1986 to delete a requirement of corroboration for a co-conspirator's testimony. State v. Holdsworth
(Feb. 2, 1992), Portage App. No. 90-P-2231, unreported, at note one.